UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CAINE COOPER,  
a/k/a CANIE COOPER,

    Petitioner,

V.                                   CASE NO. 3:10-CV-29(RNC)

WARDEN MURPHY,

    Respondent.

RULING AND ORDER

Petitioner, a Connecticut inmate proceeding pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the ground that the action is barred by the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1)(A). Petitioner has not filed a memorandum in opposition to the motion.[1] I agree that the action is time-barred and therefore grant the motion to dismiss.[2]

I.  Background

Following a jury trial in Connecticut Superior Court in 1999, petitioner was convicted of robbery in the first degree and sentenced to imprisonment for twenty-five years followed by probation for five years. The Connecticut Appellate Court

---

[1] Petitioner requested and received an extension of time to file a response, but he has not communicated with the Court since the extension expired.

[2] Respondent contends that petitioner has failed to exhaust state remedies with regard to some of the claims in the petition. Because the action is time-barred, I do not reach the exhaustion issue.

affirmed, State v. Cooper, 65 Conn. App. 551 (2001), and the Connecticut Supreme Court denied certification to appeal. State v. Cooper, 258 Conn. 940 (2001). Petitioner did not seek direct review by the United States Supreme Court via writ of certiorari.

In 2004, petitioner filed a petition for a writ of habeas corpus in state court, which was denied. Cooper v. Warden, No. TSRCV044000063S, 2007 WL 3317542, at *11 (Oct. 22, 2007). His appeal from the denial was dismissed by the Connecticut Appellate Court. Cooper v. Comm'r of Correction, 113 Conn. App. 903 (2009). In the interim, petitioner filed another state habeas petition, which apparently remains pending.

The present petition was signed by petitioner and given to correctional staff for mailing on November 12, 2009. The petition challenges the 1999 conviction on various grounds.

II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for filing a federal habeas corpus petition for persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

>   applicant was prevented from filing by such
>   State action;
>   (C) the date on which the constitutional
>   right asserted was initially recognized by
>   the Supreme Court, if the right has been
>   newly recognized by the Supreme Court and
>   made retroactively applicable to cases on
>   collateral review; or
>   (D) the date on which the factual predicate
>   of the claim or claims presented could have
>   been discovered through the exercise of due
>   diligence.

28 U.S.C. § 2244(d)(1).

In this case, the one-year limitation period began to run when the time for seeking direct review by the U.S. Supreme Court expired. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). The Connecticut Supreme Court denied certification on November 14, 2001. See State v. Cooper, 258 Conn. 940. The one-year limitation began to run ninety days later on February 12, 2002, and expired on February 12, 2003. This petition was filed more than six years later.

The statute of limitations is tolled during the pendency of a properly filed application for state habeas relief. See 28 U.S.C. § 2244(d)(2). This does not help petitioner, however, because his first state habeas petition was not filed until July 27, 2004, more than one year after the limitation period expired.

Accordingly, the petition is time-barred by the statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

III. Certificate of Appealability

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue if the prisoner shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar is present, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. That is the situation presented here. Accordingly, a certificate of appealability will not issue.

IV. Conclusion

The motion to dismiss the petition (doc. 9) as time-barred is hereby granted. The Clerk is directed to enter judgment for the respondent and close the case.

So ordered this 16th day of December, 2010.

/s/ RNC
Robert N. Chatigny
United States District Judge